UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRED ALSTON, as a Trustee of Local 272 Labor-Management Pension Fund, et al.,

                      Plaintiffs,

v.

SELECT GARAGES, LLC,

                      Defendant.

24-CV-5439 (DEH) (SLC)

ORDER

DALE E. HO, United States District Judge:

    This labor matter was referred to Magistrate Judge Cave for an inquest on damages. In a Report and Recommendation filed on January 21, 2025, Magistrate Judge Cave recommended that default judgment be entered against Defendant, awarding Plaintiff (1) payment of the Outstanding Contributions in the amount of $4,323.48, (2) interest on the Outstanding Contributions, at a rate of 1.5% per month, to be calculated from July 1, 2023 through the date judgment is entered, (3) liquidated damages equal to the amount of interest owed on the Outstanding Contributions, (4) post-judgment interest pursuant to 28 U.S.C. § 1961, (4) attorney's fees in the amount of $2,607, and (6) costs in the amount of $405.

    In reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). To accept those portions of the report to which no timely objection has been made, however, a district court need only satisfy itself that there is no clear error on the face of the record. *See, e.g.*, *Wilds v. United Parcel Serv.*, 262 F. Supp. 2d 163, 169 (S.D.N.Y. 2003). This clearly erroneous standard also applies when a party

makes only conclusory or general objections, or simply reiterates his original arguments. *See, e.g., Ortiz v. Barkley*, 558 F. Supp. 2d 444, 451 (S.D.N.Y. 2008).

In the present case, the Report and Recommendation advised the parties that they had 14 days from service of the Report and Recommendation to file any objections, and warned that failure to timely file such objections would result in waiver of any right to object. In addition, it expressly called Defendant's attention to Rule 72 of the Federal Rules of Civil Procedure and Title 28, United States Code, Section 636(b)(1). Nevertheless, as of the date of this Order, no objections have been filed and no request for an extension of time to object has been made. Accordingly, Defendant has waived the right to object to the Report and Recommendation or to obtain appellate review. *See Frank v. Johnson*, 968 F.2d 298, 300 (2d Cir. 1992); *see also Caidor v. Onondaga County*, 517 F.3d 601 (2d Cir. 2008).

Despite the waiver, the Court has reviewed the Report and Recommendation, unguided by objections, and finds the Report and Recommendation to be well reasoned and grounded in fact and law. Accordingly, the Report and Recommendation is adopted in its entirety.

SO ORDERED.

Dated: February 20, 2025
New York, New York

_____
DALE E. HO
United States District Judge